**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4151**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRES MORALES,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:06-cr-00112-1)

Submitted: October 12, 2007        Decided: November 13, 2007

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barron M. Helgoe, VICTOR VICTOR & HELGOE LLP, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andres Morales was convicted by a jury of one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2000). Morales was sentenced by the district court to 360 months' imprisonment. Finding no error, we affirm.

On appeal, Morales first contends that the district court erred in admitting expert witness testimony. We review the admission of expert testimony for an abuse of discretion. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). Before permitting expert testimony, the district court must determine that the testimony is both reliable and relevant and will assist the trier of fact in understanding or determining a fact in issue in the case. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993).

Prior to his qualification as an expert witness, Minh Dang testified that: he was employed for approximately ten years as a forensic chemist with the Drug Enforcement Administration ("DEA"); he received a Bachelor of Science degree in biochemistry from California Polytechnic University and a Master of Science degree in chemical toxicology from George Washington University; he completed a nine month training course for the analysis of controlled substances, including methamphetamine, and a course on investigating clandestine methamphetamine laboratories; during his term of employment with the DEA, he has chemically analyzed substances to

- 2 -

determine whether they contain a controlled substance, including between 700 and 800 tests specifically involving methamphetamine; and he has testified approximately thirty times in prior criminal cases.

Dang's testimony, which was subjected to vigorous cross-examination, included the tests used as well as the protocols performed to assure accuracy. His inability to respond to some of the detailed questions proffered on cross-examination is relevant to the weight of Dang's testimony rather than to its admissibility. See United States v. Moreland, 437 F.3d 424, 431 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). Thus, we conclude the district court did not abuse its discretion by admitting Dang's testimony.

Morales next contends that several of the district court's rulings on evidentiary issues were improper. We review a district court's decision regarding the admission or exclusion of evidence for abuse of discretion. United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996). Such discretion is abused only when a district court has acted "arbitrarily or irrationally." United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994) (internal quotation marks and citation omitted). However, evidentiary rulings based on erroneous legal conclusions are "by definition an abuse of discretion." United States v. Turner, 198 F.3d 425, 430 (4th Cir. 1999).

The evidence presented at trial established that Morales supplied methamphetamine to several distributors in the southern portion of West Virginia. On one occasion, a cooperating witness aided investigators by placing a monitored call to Morales's cell phone in an effort to schedule a controlled buy. The buy was ultimately scheduled, and a date and location were appointed. Dannie Fraley, a co-conspirator, arrived at the chosen location in Morales's girlfriend's vehicle. Two packages of what was determined to be methamphetamine were retrieved by officers from the vehicle. Fraley testified that he was sent by Morales to execute the deal.

Morales argues that the district court erred by: (1) excluding testimony regarding Fraley's niece's alleged methamphetamine addiction; (2) admitting testimony from Fraley's girlfriend regarding whether Fraley would hide his drug use from her; (3) admitting a photograph of the interior of Morales's girlfriend's vehicle in which a child's car seat was visible; and (4) admitting testimony regarding Morales's personal life. He further argues that the district court erred in denying his post-trial motion for a new trial in light of the cumulative effect of these errors. When viewed in the context of the trial, the district court's rulings were neither arbitrary nor irrational. Moreover, even if the rulings were erroneous, such error would nevertheless be harmless in light of the evidence adduced at trial to establish Morales's guilt.

Finally, Morales contends that the imposition of a sentence within the calculated guideline range is unreasonable. He continues to maintain his innocence and therefore argues that his objections to the sentencing enhancements should have been sustained. However, the district court properly found each sentencing factor to be supported by a preponderance of the evidence. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006). To the extent Morales challenges as "vague and unreliable" the testimony presented at sentencing, witness credibility is solely within the province of the factfinder and will not be reassessed on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Moreover, the district court appropriately calculated the advisory guideline range and considered it in conjunction with other relevant factors under the Sentencing Guidelines and 18 U.S.C. § 3553(a) (2000). See Moreland, 437 F.3d at 432-33. Morales's 360-month sentence, which is at the lowest end of the applicable guideline range and below the statutory maximum, is therefore presumptively reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007) (approving presumption of reasonableness accorded sentences within properly calculated guideline range).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED