**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4151**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ANDRES MORALES,

              Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-8902)

Submitted:  October 28, 2008       Decided:  December 1, 2008

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barron M. Helgoe, VICTOR VICTOR & HELGOE LLP, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On November 13, 2007, this court affirmed Andres Morales's conviction and sentence. See United States v. Morales, 253 F. App'x 287 (4th Cir. 2007) (No. 07-4151). On June 9, 2008, the Supreme Court granted Morales's petition for a writ of certiorari, vacated this court's judgment and remanded to this court for further consideration in light of Gall v. United States, 128 S. Ct. 586 (2007). Having reconsidered Morales's sentence in light of Gall and this court's decisions interpreting Gall, we find no reversible error. Accordingly, we affirm.

Andres Morales was convicted by a jury of one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2000). The Presentence Investigation Report recommended an offense level of forty-two, which included a drug weight of between 9.92917 and 11.430 kilograms (net weight) as well as enhancements for possession of a firearm, aggravated role in the offense, and obstruction of justice. See U.S. Sentencing Guidelines Manual ("USSG") §§ 2D1.1(a)(3), (b)(1), (c)(2); 3B1.1(c); 3C1.1 (2006). Morales was assessed three criminal history points, placing him in criminal history category II. The resulting advisory Guidelines range was 360 months to life imprisonment. See USSG Ch. 5, Pt. A (2006) (sentencing table).

While Morales agreed with the probation officer's calculations, he objected generally to the basis upon which they were found. The district court, however, overruled Morales's objections to the drug weight and enhancements based on a finding that they were supported by a preponderance of the evidence. After discussing the relevant 18 U.S.C. § 3553(a) (2006) factors, the court sentenced Morales to 360 months' imprisonment.

On appeal, Morales first contends that the district court erred in admitting expert witness testimony. We review the admission of expert testimony for an abuse of discretion. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). Before permitting expert testimony, the district court must determine that the testimony is both reliable and relevant and will assist the trier of fact in understanding or determining a fact in issue in the case. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993).

Prior to his qualification as an expert witness, Minh Dang testified that: he was employed for approximately ten years as a forensic chemist with the Drug Enforcement Administration ("DEA"); he received a Bachelor of Science degree in biochemistry from California Polytechnic University and a Master of Science degree in chemical toxicology from George Washington University; he completed a nine month training course for the

3

analysis of controlled substances, including methamphetamine, and a course on investigating clandestine methamphetamine laboratories; during his term of employment with the DEA, he has chemically analyzed substances to determine whether they contain a controlled substance, including between 700 and 800 tests specifically involving methamphetamine; and he has testified approximately thirty times in prior criminal cases.

Dang's testimony, which was subjected to vigorous cross-examination, included the tests used as well as the protocols performed to assure accuracy. His inability to respond to some of the detailed questions proffered on cross-examination is relevant to the weight of Dang's testimony rather than to its admissibility. See United States v. Moreland, 437 F.3d 424, 431 (4th Cir. 2006). Thus, we conclude the district court did not abuse its discretion by admitting Dang's testimony.

Morales next contends that several of the district court's rulings on evidentiary issues were improper. We review a district court's decision regarding the admission or exclusion of evidence for abuse of discretion. United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996). Such discretion is abused only when a district court has acted "arbitrarily or irrationally." United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994) (internal quotation marks and citation omitted).

4

However, evidentiary rulings based on erroneous legal conclusions are "by definition an abuse of discretion." United States v. Turner, 198 F.3d 425, 430 (4th Cir. 1999).

The evidence presented at trial established that Morales supplied methamphetamine to several distributors in the southern portion of West Virginia. On one occasion, a cooperating witness aided investigators by placing a monitored call to Morales's cell phone in an effort to schedule a controlled buy. The buy was ultimately scheduled, and a date and location were appointed. Dannie Fraley, a co-conspirator, arrived at the chosen location in Morales's girlfriend's vehicle. Two packages of what was determined to be methamphetamine were retrieved by officers from the vehicle. Fraley testified that he was sent by Morales to execute the deal.

Morales argues that the district court erred by: (1) excluding testimony regarding Fraley's niece's alleged methamphetamine addiction; (2) admitting testimony from Fraley's girlfriend regarding whether Fraley would hide his drug use from her; (3) admitting a photograph of the interior of Morales's girlfriend's vehicle in which a child's car seat was visible; and (4) admitting testimony regarding Morales's personal life. He further argues that the district court erred in denying his post-trial motion for a new trial in light of the cumulative

effect of these errors. When viewed in the context of the trial, the district court's rulings were neither arbitrary nor irrational. Moreover, even if the rulings were erroneous, such error would nevertheless be harmless in light of the evidence adduced at trial to establish Morales's guilt.

Finally, Morales contends that the imposition of a sentence within the calculated Guidelines range is unreasonable. When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a). Gall, 128 S. Ct. at 596. Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Morales, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. Furthermore, we may presume Morales's sentence, which is at the low end of the applicable

Guidelines range and below the statutory maximum, to be reasonable.

To the extent Morales continues to maintain his innocence and argue that his objections to the sentencing enhancements should have been sustained, the district court properly found each sentencing factor to be supported by a preponderance of the evidence. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Morales's challenge to the testimony presented at sentencing is likewise unavailing, as witness credibility is the sole province of the factfinder and will not be reassessed on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Thus, we conclude that the district court did not abuse its discretion in imposing the chosen sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED